UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO RAMOS,<br><br>Defendant. | Case No. 1:01-cr-00098-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Franciso Ramos's letter requesting compassionate release and appointment of counsel to assist with his motion for compassionate release. (Dkt. 430). For the reasons that follow, the Court will deny the motions.

## ANALYSIS

### A.   Motion to Appoint Counsel

Mr. Ramos seeks the appointment of counsel to assist with his motion for compassionate release. There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no

**MEMORANDUM DECISION AND ORDER - 1**

further."). Instead, the decision whether to appoint counsel in post-conviction proceedings rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005).

Here, Mr. Ramos is incarcerated and asserts that, because of the COVID-19 pandemic, it is difficult to conduct legal research and make copies to prepare a motion for compassionate release. While the Court recognizes the difficulties faced by pro se defendants while incarcerated, these allegations do not constitute the sort of exceptional circumstances that would warrant the appointment of counsel. Further, Mr. Ramos's motion is articulate and legible and there is no time limit on filing a motion for compassionate release. Therefore, the Court will deny Mr. Ramos's motion to appoint counsel.

### B. Motion for Compassionate Release

Mr. Ramos also seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id.* The statute provides, in relevant part, that a court

> [...] upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[...]

**MEMORANDUM DECISION AND ORDER - 2**

18 U.S.C. § 3582(c)(1)(A).

If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." *Id.*; *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021); s*ee also United States v. Rodriguez*, 424 F.Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (Citing *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998)).

Mr. Ramos has not indicated whether he made a request to the Warden of his facility. Therefore, based on the current record the Court cannot determine whether he has exhausted his remedies under § 3582(c)(1)(A). Further, Mr. Ramos has not addressed the § 3553(a) factors, nor provided any extraordinary or compelling reasons warranting his release. Therefore, the Court will deny his motion without prejudice. If Mr. Ramos decides to file a new motion for compassionate release, he should make clear how the 18 U.S.C. § 3553(a) factors support his motion and explain what extraordinary and compelling reasons warrant his release. He should also include copies of any records or documents that support his motion.

**MEMORANDUM DECISION AND ORDER - 3**

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion for Compassionate Release and Motion to Appoint Counsel (Dkt. 430) is **DENIED**.

DATED: August 18, 2021

B. Lynn Winmill
U.S. District Court Judge